IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF WEST VIRGINIA

PROGRESSIVE MINERALS LLC,

                **Plaintiff,**

v.                                     Civil Action No. 5:07-CV-108

MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX, DAVID
M. BERNSTEIN, JOHN DOUGLAS
REYNOLDS, JOHN C. CROSBIE
AND JUDE O'NURKERA,

                **Defendants.**

## REPLY OF DEFENDANTS DAVID M. BERNSTEIN, JOHN DOUGLAS REYNOLDS AND JOHN C. CROSBIE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

      This reply memorandum of law is submitted on behalf of Defendants David M. Bernstein, John Douglas Reynolds and John C. Crosbie, who move the Court as follows:

      (1) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the action, as to Defendants, David M. Bernstein, John Douglas Reynolds and John C. Crosbie, for lack of personal jurisdiction;

      (2) pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions and costs and reasonable attorneys' fees against Plaintiff and its counsel, David W. Parham, Esq. and Baker & McKenzie LLP; and

      (3) for such other and further relief as to this Court may seem just and proper.

### The Court Lacks Personal Jurisdiction over Defendants

      Plaintiff apparently agrees that the guidelines to personal jurisdiction in this matter are

contained in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-76, 105 S.Ct. 2174, 2183-85 L.Ed.2d 528 (1985). The Supreme Court stated, in pertinent part, the following:

> Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require,[FN16] the Court has consistently held that this kind of foreseeability is not a "sufficient benchmark" for exercising personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S., at 295, 100 S.Ct., at 566. Instead, "the foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.,* at 297, 100 S.Ct., at 567. In defining when it is that a potential defendant should "reasonably anticipate" out-of-state litigation, the Court frequently has drawn from the reasoning of *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958):
>
>> FN16. See, *e.g., World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 568, 62 L.Ed.2d 490 (1980) (BRENNAN, J., dissenting); *Shaffer v. Heitner,* 433 U.S. 186, 219, 97 S.Ct. 2569, 2588, 53 L.Ed.2d 683 (1977) (BRENNAN, J., concurring in part and dissenting in part).
>
>> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."
>
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *Keeton v. Hustler Magazine, Inc.,* 465 U.S., at 774, 104 S.Ct., at 1478; *World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S., at 299, 100 S.Ct., at 568, or of the unilateral activity of another party or a third person, *Helicopteros Nacionales de Colombia, S.A. v. Hall, supra,* 466 U.S., at 417, 104 S.Ct., at 1873.[FN17] Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State. *McGee v. International Life Insurance Co., supra,* 355 U.S., at 223, 78 S.Ct., at 201; see also *Kulko v. California Superior Court, supra,* 436 U.S., at 94, n. 7, 98 S.Ct., at 1698, n. 7.[FN18] Thus where the defendant "deliberately" has engaged in significant activities within a State, *Keeton v. Hustler Magazine, Inc., supra,* 465 U.S., at 781, 104 S.Ct., at 1481, or has created "continuing obligations" between himself and residents of the forum,

2

*Travelers Health Assn. v. Virginia,* 339 U.S., at 648, 70 S.Ct., at 929, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

It is respectfully submitted that not one of the cases cited by Plaintiff supports personal jurisdiction over the Moving Defendants under the tenuous contacts, if any, the Moving Defendants had with West Virginia.

Since neither Moving Defendants, Reynolds or Crosbie, ever had any communication with Plaintiff or had any contact with the State of West Virginia, it is submitted that the Court lacks personal jurisdiction over either.

Since the only contact Moving Defendant, Bernstein, had with Plaintiff was a brief October 10, 2005 meeting in Houston, Texas, three months after Plaintiff paid the $750,000 to Global, and an October 10, 2005 letter outlining due diligence, which stated that Plaintiff was entitled to the return of the money if Global did not do the deal, it is submitted that the Court lacks personal jurisdiction over Bernstein. See attached affidavits of Muhammad Haroon Rashid and Edward C. Kramer, Esq.

## Conclusion

By reason of the foregoing, it is respectfully submitted that the motion of the Moving Defendants should be granted in its entirety and that the Court grant such or other and further relief as to it may seem just and proper.

By: _____
Counsel for Moving Defendants

Patrick S. Casey (W. Va. Bar No. 668)
BURNS, WHITE & HICKTON, PLLC
32 20th Street
Maxwell Centre, Suite 200
Wheeling, WV 26003
(304) 233-9500
(304) 233-1363 (fax)

Edward C. Kramer, Esq. (admitted pro hac vice)
EDWARD C. KRAMER, P.C.
488 Madison Avenue, Suite 1100
New York, NY 10022
(212) 490-1616
(212) 490-2888 (fax)

## CERTIFICATE OF SERVICE

Service of the foregoing REPLY OF DEFENDANTS DAVID M. BERNSTEIN, JOHN DOUGLAS REYNOLDS AND JOHN C. CROSBIE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was had upon the parties, as addressed below, this 1st day of April, 2008.

David W. Parham, Esq.
Elliot D. Schuler, Esq.
BAKER & McKENZIE, LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201

Mark A. Carter, Esq. (W. Va. Bar No. 4316)
DINSMORE & SHOHL, LLP
900 Lee Street
Huntington Square, Suite 600
Charleston, WV 25301

Denise D. Klug, Esq., (W. Va. Bar. No. 6620)
DINSMORE & SHOHL, LLP
1115 Main Street
Wheeling, WV 26003
<u>Counsel for Plaintiff Progressive Minerals, LLC</u>

Jude O'Nurkera
6260 Indian River Drive
Norcross, GA 30092

By: _____
         Counsel for Moving Defendants