UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
------------------------------------------------------------------------X
Progressive Minerals LLC,

                                   Plaintiff,                      5:07-CV-108

          -against-                                            Declaration

Muhammad Haroon Rashid, Gerald D. Hendrix, David
M. Bernstein, John Douglas Reynolds, John C. Crosbie
and Jude O'Nurkera, GARRY HARE,

                                   Defendants.
------------------------------------------------------------------------X

       Muhammad Haroon Rashid hereby declares the truth of the following under the penalties of perjury.

       1. I am a Defendant in this lawsuit. I state the following facts to my own knowledge.

       2. I was the founder chief executive officer of Global Investments & Holdings, LLC ("Global"). I primarily ran Global from its inception to the time of its bankruptcy in or about 2005.

       3. At no time was John Douglas Reynolds or John C. Crosbie ever associated with Global, either directly or indirectly. Neither person was ever a director nor did advisory director and neither person ever advise me or Global with respect to business or with respect to anything else. I met both Mr. Reynolds and Mr. Crosbie on one occasion in Houston, Texas in 2005. I was introduced to them by David Bernstein. I was planning on doing a major venture, not at all related to the one involving Progressive Minerals, and was hoping that Mr. Reynolds and Mr. Crosbie help raise several hundred million dollars through their financial contacts. I had prepared a pro-forma power point to show how the company would look if we went through with that project. In fact, I only projected Mr. Reynolds and Mr. Crosbie as members of an advisory board and nothing more. Nothing more became of my meeting with Mr. Reynolds and Mr. Crosbie. I never met or spoke with either man again. Furthermore, I never showed either Mr. Reynolds or Mr. Crosbie the pro-forma power point and there is no way either person would have known of its existence.

       4. I have been advised that Mr. Fred Cooper had given to Progressive Minerals CV's of both Mr. Reynolds and Mr. Crosbie, which supposedly came from me. The only cv of Mr. Crosbie which I gave to either Defendant Mr. Jude O'Nurkera or Mr. Cooper came from his law firm's web site. I downloaded it. It certainly made no mention of Global. To imply or state that

it did is absurd. Likewise, the only cv of Mr. Reynolds which I showed Jude O'Nurkera or Mr. Cooper came from another website. It certainly made no mention of Global. Just as with Mr. Crosbie, to imply or state that it did is absurd.

       5. Mr. O'Nurkera was the person who introduced me to Mr. Cooper, who, in turn, introduced me to Progressive Minerals. I have no knowledge as to who or when the two cv's were altered. I only know that the cv's that I saw of Mr. Reynolds and Mr. Crosbie certainly did not contain a reference to Global.

       6. In addition, Mr. Reynolds and Mr. Crosbie knew nothing of Global's transactions or any contemplated transactions with Progressive Minerals. At our one brief meeting in Houston, the subject never came up.

       7. I wish to state that of the $750,000 received from Progressive Minerals, $250,000 was paid to Mr. O'Nurkera as a finder's fee, and who advised me that he paid Mr. Cooper half of that $250,000, or $125,000, as a finder's fee. Accordingly, Mr. Cooper is an interested party and any affidavit or other paper from him not relaying all the facts should be viewed with caution.

       8. Finally, Mr. David Bernstein had nothing to do with Global entering into a letter agreement with Progressive Minerals or with Global receiving any monies from Progressive Minerals. I first brought Mr. Bernstein into this matter months after we received the $750,000 fee from Progressive Minerals and only for the purpose of doing due diligence on the deal. Mr. Bernstein's only involvement was to cast suspicion on Progressive Minerals' proposed acquisition and seek further information from Progressive Minerals and to advise Progressive Minerals that pursuant to their agreement with Global, Global was required to repay the $750,000 fee if Global did not agree to do the deal by November 18, 2005. I find it strange that Mr. Bernstein is involved in this lawsuit, since his only contact with Progressive Minerals is that he informed them by letter that they had the right to get their money back.

       9. I have not appeared in this action, as my own counsel has advised me that this court lacks jurisdiction over me.

Dated: March 25th, 2008

*[signature]*

Muhammad Haroon Rashid
State of California, USA

(Notary)   3/26/08

*[Notary stamp:]*
SHELLY NGUYEN NGHIEM
COMM. #1625556
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires November 29, 2009