UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
-------------------------------------------------------------------X
Progressive Minerals LLC,

                                 Plaintiff,                      5:07-CV-108

              -against-                                Declaration

Muhammad Haroon Rashid, Gerald D. Hendrix, David
M. Bernstein, John Douglas Reynolds, John C. Crosbie
and Jude O'Nurkera,

                                Defendants.
-------------------------------------------------------------------X

       Edward C. Kramer, an attorney admitted under the laws of the State of New York and duly admitted pro hac vice in this matter, hereby declares the truth of the following under the penalties of perjury.

       1. I am counsel to the Moving Defendants, David M. Bernstein, John Douglas Reynolds and John C. Crosbie, in the above-entitled action and am fully familiar with the facts stated in this declaration and know them to be true to my personal knowledge.

       2. This Declaration is submitted in reply to Plaintiff papers submitted in opposition to the Moving Defendants' motion to dismiss this action on the grounds that the Court lacks personal jurisdiction over each of the Moving Defendants.

       3. It is duly noted that the Plaintiff has submitted hundreds of pages to the Court in its opposition to the Moving Defendants' succinct motion to dismiss. Rather than fall into the trap of responding to the inundation of extraneous allegations and documents whose purpose appear to be that of "feigning" issues of fact, your Declarant will purposefully keep its reply papers brief.

4. Plaintiff makes the preposterous claim that both Defendants, Reynolds and Crosbie, have circulated CV's falsely containing past links to Plaintiff and further claiming that each false statement appeared on each of Defendant's business web site. However, there is not one affidavit or declaration submitted from anyone claiming to have seen these purported CV's on any website, not even from Mr. Cooper, who claims that he received the CV's from Global.* In fact, Mr. Muhammad Rashid, who was the CEO of Global and was the individual who dealt with Plaintiff, in his accompanying affidavit sworn to on March 25, 2008, states that the only CV's he had given either Mr. O'Nurkera or Mr. Cooper, came from Reynolds' and Crosbie's business web sites and made no mention of Global. Furthermore, even a cursory examination of the CV's (Exhibit C to the Affidavit in Opposition of Arch A. Moore, Jr. sworn to on February 1, 2008 ("Moore Affidavit") demonstrate that they have been fabricated. For example, on page three of Mr. Reynold's purported CV, the short paragraph mentioning Global claims that Mr. Reynolds currently is on the board of directors of Global and holds the position of Senior Vice President. Even the contemporaneous Powerpoint presentation, continually referenced by Plaintiff and which was alleged in the Complaint, contradicts this purported CV and only mentions that Mr. Reynolds is on the advisory board of Global. Even more illuminating is the purported CV of Mr. Crosbie. There, the mention of Global is inserted as the first item under "Professional Experience." It is noted that this is the only item which opens with a date and the only item that contains a verb. All the other items are written as phrases and not as a sentence. Also notice the stilted English, "Chairman of the Board to" instead of "Chairman of the Board

---

* Although Plaintiff's Memorandum of Law in Opposition, page 25, indicates that Crosbie's CV was "printed off the Patterson Palmer website," Mr. Schuler advised me that that was a typo, there was no support for the statement and that he cannot make such a representation and was going to correct the error.

of." Further, note that the phrase "construction & development and telecommunications sectors" contains both an "and" and an "&." The entire CV is devoid of another "&." It is respectfully submitted that this is not the grammar of a major Canadian law firm or former Minister of Justice and Attorney General.

 5. Neither the Plaintiff nor anyone on its behalf ever communicated with either Reynolds or Crosbie, and there is no allegation to the contrary. Furthermore, even if Reynolds and Crosbie were members of an advisory board to Global, Plaintiffs have still not alleged even one purposeful act of either person which would reasonably lead to a substantial (or any) connection with the State of West Virginia.   Simply stated, this is where the motion either lives or dies.

 6. With respect to Mr. Bernstein, the only communications alleged between Plaintiff and Mr. Bernstein are the following: (a) a brief meeting in Houston, Texas, on October 10, 2005 (Moore Affidavit, p. 9); and (b) a letter from Bernstein to Plaintiff, dated October 10, 2005 (Exhibit B to the Declaration David M. Bernstein, dated November 19, 2007, submitted in support of the motion), which letter speaks of further due diligence and actually states that Plaintiff is entitled to a return of its deposit if Global does not do the deal.  However, October 10, 2005 is a date almost three months (July 26, 2005) after Plaintiff completed payment of the $750,000 to Global (Moore Affidavit, paras. 16-21).  Thus, it is respectfully submitted that it is a legal impossibility for the October 2005 actions of Bernstein to have induced Plaintiff into paying the $750,000 back in June and July of 2005.  In any event, nothing in that letter was actionable.  Nor can that letter be interpreted as a purposeful act which would reasonably lead to a substantial (or any) connection with the State of West Virginia.  It is submitted that this mere

letter, which does not even serve as an agreement or contract, cannot be the basis of personal jurisdiction over Mr. Bernstein.

7.  Finally, it is noted that even in the Complaint there is no nexus between the elements of fraud in the inducement (such as making false representations, reliance on representations, intent to defraud) and any of the Moving Defendants.  That is why the inclusion of the Moving Defendants in this lawsuit, let alone the jurisdictional claims, represents frivolous behavior.

WHEREFORE, Your declarant respectfully submits that the Court should grant Defendants', David M. Bernstein, John Douglas Reynolds and John C. Crosbie, motion, in its entirely, as follows:

>   (a) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the action, as to Defendants, David M. Bernstein, John Douglas Reynolds and John C. Crosbie, for lack of personal jurisdiction;
>
>   (b) pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions and reasonable costs and attorneys fees against Plaintiff and its counsel, David W. Parham, Esq. and Baker & McKenzie LLP; and
>
>   (c) for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York

    March 31, 2008

_____
Edward C. Kramer