IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA,
WHEELING DIVISION

| | |
|---|---|
| **PROGRESSIVE MINERALS LLC.,** § | |
| § | |
| Plaintiff, § | CASE NO. 5:07-CV-108 |
| V. § | |
| § | |
| **MUHAMMAD HAROON RASHID,** § | |
| **GERALD D. HENDRIX, DAVID M.** § | |
| **BERNSTEIN, and JUDE O'NURKERA** § | |
| § | |
| Defendants. § | |

### PLAINTIFF'S MOTION FOR ISSUANCE OF LETTER ROGATORY TO PRODUCE DOCUMENTS AND TO TAKE ORAL AND VIDEO DEPOSITION OF JOHN C. CROSBIE

TO THE HONORABLE COURT:

COMES NOW, Progressive Minerals LLC., ("Plaintiff" or "Progressive"), through its undersigned attorneys and requests the issuance of a Letter Rogatory directed to Supreme Court of Newfoundland and Labrador requesting that John C. Crosbie give deposition testimony and produce documents in connection with the above-captioned case. In support of this motion, Plaintiff would show the Court as follows:

1. This case involves a conspiracy to swindle a West Virginia company that was seeking to obtain financing to acquire a coal mine in Bishop, McDowell County, West Virginia (the "Mine"). In reliance upon fraudulent misrepresentations that Global Empire Investments & Holdings, LLC ("Global Empire") was a financially solid business entity, comprised of highly reputable people, with numerous holdings throughout the world, and could easily provide the necessary $200,000,000.00 in financing to acquire the Mine, Plaintiff entered into an agreement with Global Empire.

2. In reality, Global Empire was a façade. According to its subsequent bankruptcy filing, Global Empire had virtually no unencumbered assets, never made a loan, had no real employees, and had virtually none of the many subsidiaries and holdings that had been represented to Progressive. In essence, Global Empire was an enterprise comprised of the Defendants who through various lies and misrepresentations created the illusion of a mythical business enterprise in order to defraud Progressive out of a $750,000.00 loan commitment fee. In all, Progressive lost in excess of $1.25 million as a result of the Defendants fraudulent scheme.

3. Prior to providing Global Empire with the $750,000.00 loan commitment fee, Progressive was provided a PowerPoint detailing Global Empire's Organizational Structure. A copy of the PowerPoint is attached hereto as "Exhibit A". The witness, John C. Crosbie, was represented within the PowerPoint as being a member of Global Empire's Board of Directors. Progressive was likewise provided detailed resumes and biographies of all the key members of Global Empire, including, the witness, John C. Crosbie. A copy of the Curriculum Vitae of the witness, John C. Crosbie, is attached hereto as "Exhibit B".

4. In reliance upon the information provided concerning Global Empire, its alleged affiliates and subsidiaries, and the impressive resumes of the individuals comprising Global Empire, Progressive was induced into entering into a Term Sheet with Global Empire.

5. While acknowledging meeting with several of the Defendants for the purpose of discussing Global Empire, the witness, John C. Crosbie, has denied that anything came from those discussions. The witness, John C. Crosbie has further denied any involvement with Global Empire. The witness, John C. Crosbie, however, has made no direct allegations with regard to the legitimacy of the PowerPoint or the Curriculum Vitae provided to Progressive.

6. Plaintiff has good cause to believe that the witness has knowledge of and is competent to testify about Plaintiff's claims against the Defendants.

7. The witness, John C. Crosbie resides and works in the province of Newfoundland and Labrador, Canada, where he may be served with process. Plaintiff has attempted to contact Mr. Crosbie on several occasions but has only been able to reach his Special Events coordinator, who has not been able to confirm a date for a depsoition. Plaintiff prays that John C. Crosbie be summoned in accordance with the laws of Newfoundland and Labrador to appear on Wednesday, July 1, 2009 at 9:00 a.m., local time, in the Terra Nova Room at the Sheraton Hotel Newfoundland, 115 Cavendish Square, St. John's, Newfoundland and Labrador, A1C 3K2 Canada.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court order the Clerk of the Court to issue the Letter Rogatory attached as "Exhibit C" to this Motion.

Dated:    May  6 , 2009

Respectfully submitted,

**BAKER & McKENZIE LLP**

David W. Parham
Texas State Bar No. 15459500
(Admitted pro hac vice)
Elliot D. Schuler
Texas State Bar No. 24033046
(Admitted pro hac vice)
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-3099

and

**DINSMORE & SHOHL LLP**

　　　/s/ Jacob A. Manning
Denise D. Klug
State Bar No. of West Virginia 6620
Jacob A. Manning
State Bar No. of West Virginia 9694
2100 Market Street
Wheeling, West Virginia 26003
Telephone:  (304) 230-1700
Facsimile:  (304) 230-1610

Mark A. Carter
State Bar No. of West Virginia 4316
900 Lee Street
Huntington Square, Suite #600
Charleston, West Virginia 25301
Telephone:  (304) 357-0900
Facsimile:  (304) 357-0919

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served via certified mail, return receipt requested, on the following counsel of record on May  6 , 2009.

Edward C. Kramer
Law Offices of Edward C. Kramer, PC
488 Madison Ave.
New York, NY 10022
eck@lawkram.com

Patrick S. Casey
Burns, White & Hickton, LLC
32 - 20th Street
Wheeling, WV 26003
pscasey@bwhllc.com

Jude O'Nurkera
6260 Indian River Dr.
Norcross, GA 30092

                                                   /s/ Jacob A. Manning
                                                   Jacob A. Manning