IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PROGRESSIVE MINERALS, LLC.,

        Plaintiff,

v.                                                  Civil Action: 5:07-CV-108
                                                    (Senior Judge Stamp)

MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX,
DAVID M. BERNSTEIN and
JUDE O'NURKERA,

        Defendants.

**MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL MEDIATION AND DEPOSITION AND MOTION TO COMPEL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT DAVID M. BERNSTEIN**

On June 11, 2009 came the above named Plaintiff, by David Parham, via telephone, and Jacob Manning and Mark Carter, in person, and the above named Defendants, by Patrick Casey, in person, for an evidentiary hearing and argument on Plaintiff's Motions for Issuance of Letters Rogatory,[1] and Plaintiff's Motion to Compel Mediation and Deposition and Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's Interrogatories to Defendant David M. Bernstein.[2] Testimony was not taken, and no other evidence was introduced.

### I. INTRODUCTION

A.    <u>Background</u>

---

[1] Doc. Nos. 53, 54

[2] Doc. No. 55

1

Plaintiff, Progressive Minerals, LLC ("Progressive") brought suit in this Court for fraud, negligent misrepresentations, conspiracy to defraud and negligence.

Specifically, Progressive alleges that numerous individuals conspired to swindle a West Virginia company that was seeking to obtain financing to acquire a coal mine in Bishop, McDowell County, West Virginia ("Mine"). Progressive contends that in reliance upon the fraudulent misrepresentations of Defendants O'Nurkera, Rashid and Hendrix that Global[3] was a solid business entity that could provide the necessary $200,000,000 in financing, Progressive entered into an agreement with Global pursuant to which Global was to fund Progressive's acquisition of the Mine.

Progressive alleges that Global was a facade and had virtually no unencumbered assets, had never made a loan, and had virtually none of the many subsidiaries and holdings that had been represented to Progressive. Progressive alleges it lost in excess of $1.25 million as a result of the Defendants fraudulent scheme.

The parties engaged in discovery and a dispute arose.

B.      The Motion

Plaintiff's Motion to Compel Mediation and Deposition and Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's Interrogatories to Defendant David M. Bernstein.[4]

---

[3] Global, or Global Empire Investments and Holdings LLC is the company of which Defendant Rashid was CEO, Defendant Hendrix was COO and CFO, Defendant Bernstein was Vice President of Finance and Legal, Defendant Reynolds was a member of its Board of Directors and Defendant Crosbie was Chairman of the Board of Directors. Global was created in 2003.

[4] Doc. Nos. 55, 58

C.	Decision

Plaintiff's Motion to Compel is **GRANTED** as hereinafter set forth.

## II. FACTS

1.	Plaintiff served Defendant Bernstein with its Requests for Admission, Requests for Production of Documents and Interrogatories on March 24, 2009.

2.	On April 1, 2009, Judge Stamp entered an Order setting mediation for May 5, 2009.[5]

3.	Judge Stamp's Order included a 10-day deadline for objecting to the mediation date and required both parties to file a mediation statement ten days in advance of the mediation.

4.	Plaintiff filed a Notice of Deposition, scheduling Defendant Bernstein's deposition for May 6, 2009.[6]

5.	On April 24, 2009,[7] Plaintiff filed its mediation statement. Defendant Bernstein failed to file a mediation statement.

6.	Defendant Bernstein has not provided any responses or objections to Plaintiff's Interrogatories or Requests for Production.

7.	Responses would have been due on or about April 26, 2009.

8.	Defendant Bernstein has also failed to follow the Mediation Order as well as ignored the Notice of Deposition.

---

[5] Doc. No. 45

[6] Plaintiff was of the impression that Defendant Bernstein would be traveling to Wheeling for the mediation scheduled for May 5, 2009 and wished for Defendant Bernstein not to have to make separate trips.

[7] Doc. No. 48

# III. PLAINTIFF'S MOTION TO COMPEL

A.   Contentions of the Parties

Plaintiff contends that Defendant Bernstein appears unwilling to participate in this case. Plaintiff argues that pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Defendant Bernstein had 30 days from being served with the Discovery Requests to respond in writing. Plaintiff contends Defendant Bernstein failed to respond to the Interrogatories and Requests for Production in a timely fashion and Plaintiff has attempted to confer with Defendant in an effort to secure the disclosures without Court action. Furthermore, Plaintiff requests that the Court set a new mediation date. Finally, Plaintiff requests Defendant Bernstein be compelled to attend his deposition immediately before or after the mediation.

Defendant Bernstein filed no responsive pleading.

B.   The Standards

1.   Discovery - Scope. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2.   Discovery - Scope. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In

4

addition, "the discovery rules are given 'a broad and liberal treatment.'"  Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  However, the discovery sought must be relevant.  Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[8]

   3. <u>Discovery - Relevancy</u>.  A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial.  The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence.  Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders."  Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

   4. <u>Discovery - Interrogatories</u>.  Federal Rule of Civil Procedure 33 governs interrogatories.  It states that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the

---

[8] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions.  It recognizes the reasons for this and acknowledges them.

reasons for objection and shall answer to the extent the interrogatory is not objectionable."

5. <u>Discovery - Interrogatories and Time to Respond</u>. Federal Rule of Civil Procedure 33(b)(2) governs time to respond. It states that "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."

6. <u>Discovery - Objections to Interrogatories</u>. All objections must be stated with specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. <u>Momah, v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).

7. <u>Discovery - Motion to Compel</u>. Motions to compel responses to interrogatories and requests for production are governed by Federal Rule of Civil Procedure 37(a)(2)(B). This Rule provides that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." <u>Id.</u>

8. <u>Discovery - Motion to Compel - Burden of Proof</u>. The party opposing a motion to compel bears the burden of showing why it should not be granted. <u>Roesberg v. Johns-Manville Corp.</u>, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); <u>Rogers v. Tri-State Materials Corp.</u>, 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

9. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>: Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not

6

allowed. Hansel v. Shell Oil Corporation, 169 F.R.D. 303 (E.D. Pa. 1996).

10. Sanctions - Fourth Circuit Four Part Test: Four factors must be considered in determining what sanctions to impose: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)(quoting Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

11. Sanctions - When Not Appropriate: Sanctions are not appropriate "When it has been established that failure to comply has been due to inability, and not wilfulness, bad faith, or any fault of the non-complying party." Wilson v. Volkswagon of Am., 561 F.2d 494, 503 (4th Cir. 1997).

C. Discussion

1. Interrogatories and Requests for Production of Documents

Responses to the discovery requests by Defendant Bernstein were due in April, 2009. To date, Defendant Bernstein has failed to respond. Therefore, Plaintiff's Motion to Compel Responses to Request for Production of Documents and Answers to Interrogatories is **GRANTED**. Because of Defendant's failure to respond in accordance with the Federal and Local Rules of Civil Procedure, all objections are waived. Defendant Bernstein shall respond to Plaintiff's discovery requests on or before July 20, 2009.

Counsel for Plaintiff shall file an affidavit of reasonable expenses, including attorneys' fees, related to the motion by July 20, 2009.

7

Counsel for Defendant Bernstein shall file any response to the affidavit of Plaintiff's counsel by August 4, 2009.

Defendant and counsel for Defendant shall be given an opportunity to be heard concerning the awarding of reasonable expenses and sanctions at 9:00am, Friday, August 7, 2009 in the Magistrate Judge Courtroom, Room 433, Fourth Floor, United States Courthouse, Twelfth and Chapline Streets, Wheeling, West Virginia.

2. <u>Motion to Compel Mediation and Deposition of Defendant Bernstein</u>

The deposition of Defendant Bernstein shall be held at 9:30am, Friday, August 7, 2009 in the U.S. Magistrate Judge Courtroom, Room 433, US Courthouse, Twelfth and Chapline Streets, Wheeling, WV 26003.

The mediation shall beheld at 1:00pm, Friday, August 7, 2009 in the U.S. Magistrate Judge Courtroom, Room 433, US Courthouse, Twelfth and Chapline Streets, Wheeling, WV 26003.

D. <u>Decision</u>

Plaintiff's Motion to Compel is **GRANTED**. Defendant Bernstein shall respond to Plaintiff's Interrogatories and Requests for Production of Documents by July 20, 2009.

Counsel for Plaintiff shall file an affidavit of reasonable expenses, including attorneys' fees, related to the Motion to Compel by July 20, 2009. The affidavit shall include the attorneys' fees and expenses for only one lawyer for each service rendered except that the affidavit may also include the time and expense for local counsel in attending scheduled court hearings.

Counsel for Defendant shall file any response to the affidavit of Plaintiff's counsel within by July 20, 2009.

Defendant and counsel for Defendant shall be given an opportunity to be heard concerning the awarding of reasonable expenses and sanctions at 9:00am, Friday, August 7, 2009 in the Magistrate Judge Courtroom, Room 433, Fourth Floor, United States Courthouse, Twelfth and Chapline Streets, Wheeling, West Virginia. Defendant Bernstein and his counsel must appear in person at the hearing.

Filing of objections does not stay this Order. Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 23, 2009

                                              */s/ James E. Seibert*
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE