IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PROGRESSIVE MINERALS, LLC.,

        Plaintiff,

v.                                                                Civil Action: 5:07-CV-108
                                                                (Senior Judge Stamp)
MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX,
DAVID M. BERNSTEIN and
JUDE O'NURKERA,

        Defendants.

**MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFF'S MOTIONS FOR ISSUANCE OF LETTERS ROGATORY TO PRODUCE DOCUMENTS AND TO TAKE ORAL AND VIDEO DEPOSITIONS OF JOHN C. CROSBIE AND JOHN DOUGLAS REYNOLDS**

On June 11, 2009 came the above named Plaintiff, by David Parham, via telephone, and Jacob Manning and Mark Carter, in person, and the above named Defendants, by Patrick Casey, in person, for an evidentiary hearing and argument on Plaintiff's Motions for Issuance of Letters Rogatory,[1] and Plaintiff's Motion to Compel Mediation and Deposition and Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's Interrogatories to Defendant David M. Bernstein.[2] Testimony was not taken, and no other evidence was introduced.

**I. INTRODUCTION**

A.    Background

---

[1] Doc. Nos. 53, 54

[2] Doc. No. 55

Plaintiff, Progressive Minerals, LLC ("Progressive") brought suit in this Court for fraud, negligent misrepresentations, conspiracy to defraud and negligence.

Specifically, Progressive alleges that numerous individuals conspired to swindle a West Virginia company that was seeking to obtain financing to acquire a coal mine in Bishop, McDowell County, West Virginia ("Mine"). Progressive contends that in reliance upon the fraudulent misrepresentations of Defendants O'Nurkera, Rashid and Hendrix that Global[3] was a solid business entity that could provide the necessary $200,000,000 in financing, Progressive entered into an agreement with Global pursuant to which Global was to fund Progressive's acquisition of the Mine.

Progressive alleges that Global was a facade and had virtually no unencumbered assets, had never made a loan, and had virtually none of the many subsidiaries and holdings that had been represented to Progressive. Progressive alleges it lost in excess of $1.25 million as a result of the Defendants fraudulent scheme.

B.  The Motion

Plaintiff's Motions for Issuance of Letters Rogatory.[4]

C.  Decision

Plaintiff's Motions are **GRANTED** as hereinafter set forth and the Letters Rogatory shall be issued.

---

[3] Global, or Global Empire Investments and Holdings LLC is the company of which Defendant Rashid was CEO, Defendant Hendrix was COO and CFO, Defendant Bernstein was Vice President of Finance and Legal, Defendant Reynolds was a member of its Board of Directors and Defendant Crosbie was Chairman of the Board of Directors. Global was created in 2003.

[4] Doc. Nos. 53, 54

## II. FACTS

1.  The witness, John C. Crosbie resides and works in the province of Newfoundland and Labrador, Canada.

2.  The witness, John Douglas Reynolds resides and works in the province of British Columbia, Canada.[5]

## III. PLAINTIFF'S MOTIONS FOR ISSUANCE OF LETTERS ROGATORY

A.  Contentions of the Parties

Plaintiff contends that Mr. Crosbie and Mr. Reynolds have knowledge of and are competent to testify about Plaintiff's claims against the Defendants.

No responsive pleadings have been filed.

B.  The Standards

"A letter rogatory is the medium by which one country, speaking through its courts, requests another country, acting through its own courts and by the methods of court procedure peculiar thereto, to assist the administration of justice in the former country." 23 Am. Jur. 2d Depositions and Discovery § 17 (2009). It is used by a court, where an action is pending, to ask a foreign court to perform some "judicial act." Id. The expression "judicial act" does not include the "service of judicial documents or the issuance of any process by which judgments or orders are executed or enforced, or orders for provisional or protective measures." 28 U.S.C.A.§1781 Chapter 1 Article 1 (2009). In international practice, the term "judicial act" may denote the "taking of evidence, the serving of a summons, subpoena or other legal notice, or the execution of a civil judgment." 23 Am. Jur. 2d Depositions and Discovery §17. However, in the

---

[5] Doc. No. 45

United States the purpose of letters rogatory has commonly been limited to obtaining testimony. Id.

> A request for a letter rogatory shall specify : (a) the authority requesting its execution and the authority requested to execute it; (b) the names and addresses of the parties of the proceedings and their representatives; (c) the nature of the proceedings for which the information is required, giving all necessary information; (d) the evidence to be obtained or other judicial act to be performed; [also, when necessary]: (e) the names and addresses of the persons to be examined; (f) the questions for the person to be examined, or the subject matter about which they are to be examined; (g) the documents or other property to be inspected; (h) any requirement that the evidence is to be given on special oath or affirmation, and any special form to be used; (I) any special method or procedure to be followed under Article 9.

28 U.S.C.A.§1781 Chapter 1 Article 3 (2009).

"A Contracting State shall designate a Central Authority which will undertake to receive Letters of Request coming from a judicial authority of another contracting state and to transmit them to the authority competent to execute them." 28 U.S.C.A.§1781 Chapter 1 Article 2 (2009). In the United States, it is within the power of The Department of State to receive letters rogatory from the foreign or international tribunal, transmit them to whom they are addressed, and to receive and return them to the appropriate authority after execution. It is also within its power to follow the same procedure for letters rogatory issued by a tribunal within the United States directed to a foreign tribunal. However, under subsection (b) the transmittal of a letter rogatory directly to and from the tribunals, officers, or agencies in the United States and in foreign countries is not prohibited. 23 Am. Jur. 2d Depositions and Discovery §17.

It is the inherent authority of the District Courts to issue letters rogatory in both civil and criminal cases. U.S. v. Jefferson, 594 F. Supp. 2d 655, 676 (E.D.Va. 2009). Rule 28 of the Federal Rules of Civil Procedure states that the request for letters rogatory may be granted without a showing that taking the deposition in another manner is impracticable or inconvenient.

Fed. R. Civ. P. 28(b)(1)(B). The major factor to be considered when determining whether to issue letters rogatory is the relevancy and importance of the sought after information. In general, if the relevancy of the sought after testimony or deposition is in doubt, then the request for a letter rogatory should not be granted. U.S. v. Rosen, 240 F.R.D. 204, 215 (E.D.Va. 2007); Tomaka v. Pennyslvania R. Co., 177 N.Y.S.2d 858, 859 (N.Y. App. Div. 1958). Another factor to be considered is the delay issuing the letters rogatory would cause. "[D]elay attends the rogatory process and counsels against issuance. The letters rogatory procedure has been described as 'complicated, dilatory and expensive.'" Id. quoting Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court, 482 U.S. 522, 531 (1987). If the delay would ensure that the party requesting would receive a fair trial, the delay would then be justified. However, if the material or deposition requested is not paramount to receiving a fair trial the request should be denied. Id. Finally, if no reasonable basis appears for denying the request then it should be granted. Tomaka at 859. It is a well-settled principle that the decision whether to issue letters rogatory lies within the sound discretion of the court. Rosen at 215.

Therefore, the decision whether to issue letters rogatory should be decided on a case by case basis within the court's discretion. In a civil case, exceptional circumstances are not needed in order to depose a witness and the Court can grant a request for letters rogatory by looking at the circumstances surrounding the case and determining the relevancy of the requested material to the party's case.

"Under the Federal Rules of Civil Procedure, a deposition may be taken in a foreign country pursuant to a letter of request, whether or not it is captioned a 'letter rogatory.'" 23 Am. Jur. 2d Depositions and Discovery §18 (2009). The letter of request must be written in the

5

language of the authority that is requested to execute it, or be accompanied by a translation into that language. 28 U.S.C.A. §1781 Chapter 1 Article 4 (2009). However, unless expressly excluded, a Contracting State must accept a letter in English or French, or a translation into one of these two languages. Id.

When carrying out the request, the law of the judicial authority requested to execute the request governs and its own methods and procedures are to be followed. 28 U.S.C.A. §1781 Chapter 1 Article 9 (2009). However, the executing authority will follow any special procedures or methods requested by the requesting party unless the request is incompatible with internal law or is impossible to execute. Id. "Any objections to the method of procedure followed by the foreign court in the execution of letters rogatory, as such methods might affect the competency or credibility of the testimony taken, may properly be asserted upon their return." 23 Am. Jur. 2d Depositions and Discovery §18. In Tomaka, the Court found that the testimony sought was material in determining the plaintiff's case against the defendant for negligence. Tomaka at 859. However, the testimony had to be taken in the jurisdiction of the U.S.S.R. and there were concerns about the credibility of this testimony. Id. The New York Supreme Court held that these concerns could be properly asserted upon the return of the testimony and it will be a consideration for the triers of fact. Id. at 860. Therefore, the fact that the deposition is taken in another country is a consideration for the trier of fact, after the issuance and execution of the letter rogatory.

C.   Discussion

No responsive pleading has been filed. Plaintiff has followed the proper procedure for issuance of a letter rogatory as outlined above. The testimony of Crosby and Reynolds is

relevant and important to this civil action. Delay in obtaining these depositions will prevent this action from proceeding.

D.  Decision

Plaintiff's Motions for Issuance of Letters Rogatory to Produce Documents and to take Oral and Video Deposition of John C. Crosbie and John Douglas Reynolds are hereby **GRANTED**.

Filing of objections does not stay this Order. Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 23, 2009

> */s/ James E. Seibert*
> JAMES E. SEIBERT
> UNITED STATES MAGISTRATE JUDGE