IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

*U.S. DISTRICT COURT FILED AT WHEELING, WV JUN 30 2009 NORTHERN DISTRICT, OFFICE OF THE CLERK*

| | |
|---|---|
| PROGRESSIVE MINERALS LLC., § | |
| § | |
| Plaintiff, § | CASE NO. 5:07-CV-108 |
| V. § | |
| § | |
| MUHAMMAD HAROON RASHID, § | |
| GERALD D. HENDRIX, DAVID M. § | |
| BERNSTEIN, and JUDE O'NURKERA § | |
| § | |
| Defendants. § | |

## LETTER ROGATORY TO PRODUCE DOCUMENTS AND TO TAKE ORAL AND VIDEO DEPOSITION OF JOHN C. CROSBIE

GREETINGS:

To the Appropriate Authority in the Province of Newfoundland and Labrador, Canada:

The above-entitled action is pending in the United States District Court for the Northern District of West Virginia, Wheeling Division between the above-entitled parties, and justice cannot be completely done without obtaining the deposition testimony of JOHN C. CROSBIE, who is in your jurisdiction. Therefore, request is hereby made that in furtherance of justice, you by the proper and usual process of your Court, cause JOHN C. CROSBIE who resides and does business in the Province of Newfoundland and Labrador, Canada, to be summoned in accordance with the laws of the Province of Newfoundland and Labrador, Canada to appear at a date, time, and location of your convenience within the Province of Newfoundland and Labrador, Canada before a certified court reporter authorized by the Province of Newfoundland and Labrador, Canada to administer oaths to answer under oath the oral questions that are addressed to him, and to likewise produce documents responsive to the requests noted on the attached Exhibit 1. Such deposition may be videotaped and will continue from day-to-day until completed.

We shall be ready and willing to do the same for you when required.

Witness: Honorable Frederick P. Stamp, Jr., United States District Court for the Northern District of West Virginia, Wheeling Division.

*/s/ Frederick P. Stamp, Jr.*
Honorable Frederick P. Stamp, Jr.
Judge, United States District Court

Given under my hand and seal of said Court, this 30th day of June 2009

(SEAL OF COURT)

ATTEST: Wally Edgell
Clerk of the United States District Court for the
Northern District of West Virginia, Wheeling Division

By: _____, Deputy

## EXHIBIT "1"

**Definitions**

The following definitions shall apply:

1. "Global Empire" or "Debtor" shall mean Global Empire Investments & Holdings, LLC and any of their directors, officers, employees, representatives, agents, attorneys or any other person or persons authorized to act on their behalf.

2. "Bernstein" shall mean David M. Bernstein, a defendant herein, and any of his representatives, agents, attorneys or any other person or persons authorized to act on his behalf.

3. "Rashid" shall mean Muhammad Haroon Rashid, a defendant herein, and any of his representatives, agents, attorneys or any other person or persons authorized to act on his behalf.

4. "Hendrix" shall mean Gerald D. Hendrix, a defendant herein, and any of his representatives, agents, attorneys or any other person or persons authorized to act on his behalf.

5. "Reynolds" shall mean John Douglas Reynolds, a former defendant herein, and any of his representatives, agents, attorneys or any other person or persons authorized to act on his behalf.

6. "You" shall mean John C. Crosbie, a former defendant herein, and any of his representatives, agents, attorneys or any other person or persons authorized to act on his behalf.

7. "Jude" shall mean Jude O'Nurkera, a defendant herein, and any of his representatives, agents, attorneys or any other person or persons authorized to act on his behalf.

8. "Defendant" or "Defendants" shall mean Bernstein, Rashid, Reynolds, and/or Jude.

9. "Progressive" shall mean Progressive Minerals, LLC.

10. "Governor Moore" shall mean Arch A. Moore, Jr.

11. "Cooper" shall mean Fred Cooper.

12. "Bankruptcy Case" shall mean *In re Global Empire Investments & Holdings, LLC*; Case No. 05-95389, filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

13. "Houston Meeting" shall mean that certain meeting in Houston, Texas referenced in your Affidavit filed in this litigation.

14. "Transfers" shall mean any mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property.

15. The terms "person" or "persons" is defined by Local Rule 26.02.

16. "Document" or "documents" shall mean the original and all non-identical copies, or drafts, of any writing or record of any type or description known, including, but not limited to, letters, statements, envelopes, contracts, bulletins, circulars, pamphlets, phone message slips, telephone logs, telephone bills, agreements, agendas, minutes, memoranda, telegrams, telexes, teletypes, cables, messages, notes, worksheets, reports, forms, studies, checkbooks, cancelled checks, interoffice communications, intra-office communications, appointment books, appointment logs, desk calendars, pocket calendars, expense reports, drafts, wire transfers, transmittal authorizations and confirmations, bank statements, ledgers, financial statements, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, confirmations, travel vouchers, promotional materials, lists, notebooks, computer printouts, electronically and magnetically recorded or stored data (including computer and work processor disks or tapes), microfilm, photographs, tape recordings, digests, affidavits, opinions, investigations, signed statements, summaries, notices, proposals, books, articles, press releases, newspapers, charts, magazines, and all other written, printed, typed, photographs or graphically recorded matter of

any kind or nature, however produced or reproduced, and whether preserved electronically by writing, phonographic recording, film, photography, tape or videotape.

17. "Concerning" or "concern" is defined by Local Rule 26.02.

18. "Communication" is defined by Local Rule 26.02.

19. "Identify" is defined by Local Rule 26.02.

20. As used herein "and" and "or" shall be construed both conjunctively and disjunctively as required by the context to bring within the scope of these Interrogatories or Requests any information which might otherwise be construed to be outside their scope.

21. The use of a singular form of any word includes the plural and vice versa.

**Documents**

1) All Communications from January 1, 2003 to the present, between any of the Defendants and You evidencing, relating to or concerning Global Empire or this litigation.

2) All Communications from January 1, 2003 to the present, between Bernstein and You.

3) All Communications from January 1, 2003 to the present, between Global Empire and You.

4) All Communications from January 1, 2003 to the present, between Cooper and You evidencing, relating to or concerning Global Empire, any of the Defendants, or this litigation.

5) All Communications between You and Richard Fuqua, or representatives of Fuqua & Keim evidencing, relating to or concerning Global Empire, any of the Defendants, or this litigation.

6) All Communications between You and Leonard H. Simon, or representative of

Pendergraft & Simon L.L.P. evidencing, relating to or concerning Global Empire, any of the Defendants, or this litigation.

7) All Documents prepared by You, or provided to You by any of the Defendants, in advance of, at, or subsequent to, the Houston Meeting.

8) All Documents that refer or relate to your appointment to Global Empire's Board of Directors.

9) All Documents prepared by You, or provided to You by any of the Defendants, as a result of your position on Global Empire's Board of Directors.

10) Copies of all corporate minutes as well as a copy of the bylaws of Global Empire.

11) All resumes or curriculum vitae You provided to Global Empire or any of the Defendants.

12) All resumes or curriculum vitae utilized by You since 2003.

13) All Documents evidencing the receipt of monies by You from Global Empire, Bernstein or Rashid.

14) All Documents evidencing the disposition of monies received by You from Global Empire, Bernstein or Rashid.

15) All Documents evidencing any business relationship between You and Bernstein or Rashid, unrelated to Global Empire.

16) All Documents evidencing any business relationship between Bernstein and Rashid, unrelated to Global Empire.