IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PROGRESSIVE MINERALS, LLC.,

        Plaintiff,

v.                                             Civil Action: 5:07-CV-108
                                             (Senior Judge Stamp)

MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX,
DAVID M. BERNSTEIN and
JUDE O'NURKERA,

        Defendant.


**MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFF REASONABLE EXPENSES AND SANCTIONS**

On June 11, 2009 came the above named Plaintiff, by David Parham, via telephone, and Jacob Manning and Mark Carter, in person, and the above named Defendants, by Patrick Casey, in person, for an evidentiary hearing and argument on Plaintiff's Motions for Issuance of Letters Rogatory, and Plaintiff's Amended Motion to Compel Mediation and Deposition and Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's Interrogatories to Defendant David M. Bernstein.[1]  Testimony was not taken, and no other evidence was introduced.  Thereafter, Progressive Minerals' ("Progressive") Amended Motion to Compel Mediation and Deposition and Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's Interrogatories were granted and Defendant Bernstein ("Bernstein") was given an opportunity to be heard on the awarding of reasonable expenses and sanctions on August 7, 2009.

---

[1] Docket Nos. 55, 58

1

# I.  INTRODUCTION

A.    Background

Plaintiff, Progressive Minerals, LLC ("Progressive") brought suit in this Court for fraud, negligent misrepresentations, conspiracy to defraud and negligence.

Specifically, Progressive alleges that numerous individuals conspired to swindle a West Virginia company that was seeking to obtain financing to acquire a coal mine in Bishop, McDowell County, West Virginia ("Mine").  Progressive contends that in reliance upon the fraudulent misrepresentations of Defendants O'Nurkera, Rashid and Hendrix that Global[2] was a solid business entity that could provide the necessary $200,000,000 in financing, Progressive entered into an agreement with Global pursuant to which Global was to fund Progressive's acquisition of the Mine.

Progressive alleges that Global was a facade and had virtually no unencumbered assets, had never made a loan, and had virtually none of the many subsidiaries and holdings that had been represented to Progressive.  Progressive alleges it lost in excess of $1.25 million as a result of the Defendants fraudulent scheme.

The parties engaged in discovery and a dispute arose.

B.    The Motion

Plaintiff's Motion to Compel Mediation and Deposition and Amended Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's

---

[2] Global, or Global Empire Investments and Holdings LLC is the company of which Defendant Rashid was CEO, Defendant Hendrix was COO and CFO, Defendant Bernstein was Vice President of Finance and Legal, Defendant Reynolds was a member of its Board of Directors and Defendant Crosbie was Chairman of the Board of Directors.  Global was created in 2003.

Interrogatories to Defendant David M. Bernstein.[3]

C.     Decision

     Plaintiff is **GRANTED** reasonable expenses and sanctions as hereinafter set forth.

## II.  FACTS

     1.     Plaintiff served Defendant Bernstein with its Requests for Admission, Requests for Production of Documents and Interrogatories on March 24, 2009.

     2.     On April 1, 2009, Judge Stamp entered an Order setting mediation for May 5, 2009.[4]

     3.     Judge Stamp's Order included a 10-day deadline for objecting to the mediation date and required both parties to file a mediation statement ten days in advance of the mediation.

     4.     Plaintiff filed a Notice of Deposition, scheduling Defendant Bernstein's deposition for May 6, 2009.[5]

     5.     On April 24, 2009,[6] Plaintiff filed its mediation statement.  Defendant Bernstein failed to file a mediation statement.

     6.     Defendant Bernstein has not provided any responses or objections to Plaintiff's Interrogatories or Requests for Production.

     7.     Responses would have been due on or about April 26, 2009.

---

[3] Doc. Nos. 55, 58

[4] Doc. No. 45

[5] Plaintiff was of the impression that Defendant Bernstein would be traveling to Wheeling for the mediation scheduled for May 5, 2009 and wished for Defendant Bernstein not to have to make separate trips.

[6] Doc. No. 48

8.     Defendant Bernstein has also failed to follow the Mediation Order as well as ignored the Notice of Deposition.

### III.  PLAINTIFF'S MOTION FOR SANCTIONS

A.     <u>Contentions of the Parties</u>

Plaintiff contends that Defendant Bernstein appears unwilling to participate in this case. Plaintiff argues that pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Defendant Bernstein had 30 days from being served with the Discovery Requests to respond in writing.  Plaintiff contends Defendant Bernstein failed to respond to the Interrogatories and Requests for Production in a timely fashion and Plaintiff has attempted to confer with Defendant in an effort to secure the disclosures without Court action.  Furthermore, Plaintiff requests that the Court set a new mediation date.  Finally, Plaintiff requests Defendant Bernstein be compelled to attend his deposition immediately before or after the mediation.

Plaintiff is seeking $3,405.00 for fees and expenses.

Defendant Bernstein filed no responsive pleading.

B.     <u>Discussion</u>

District Courts "enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders."  <u>Hinkle v. City of Clarksburg, West Virginia</u>, 81 F.3d 416, 426 (4th Cir. 1996).  Failure to comply with a discovery order can result in the immediate imposition of sanctions.  Rule 37(b)(2)(A) states, in part, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 37(a), the court where the action is pending may issue further such orders."  Rule 37(b)(2)(C) allows this Court to issue an order that "the disobedient party, the attorney advising

that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  The court may order sanctions if a party, after being served with proper notice, fails to appear for the party's own deposition.  Fed. R. Civ. P. 37(d)(1).  Rule 37(d) mandates that a court require "a party failing to act [appear at its own deposition], the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 39(d)(3).

A trial court has broad discretion in applying sanctions under Rule 37.  National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976).  The sanctions enumerated in Rule 37 are flexible and "may be applied in many or varied forms as the court desires by exercising broad discretion in light of the facts of each case."  Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981).  In addition, Counsel are not immune from being sanctioned.  The court has the inherent authority to sanction a litigant for the destruction of relevant and potentially discoverable documents.  Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 556 (N.D. Cal. 1987); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980)(discussing a court's inherent power to impose sanctions on attorneys who fail to comply with discovery orders); In re Prudential Ins. Co. of Am. Sales Practices Litig., 169 F.R.D. 598, 614 (D.N.J. 1997)(stating that the court possesses the inherent authority to punish those who abuse the judicial process), rev'd on other grounds, 133 F.3d 225 (3d Cir. 1998).  "The district court may use as many and as varied sanctions as are necessary to hold the scales of justice even."  8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284 at 612-13

5

(1994).

The Fourth Circuit has determined that the following four factors must be considered in determining what sanctions to impose:  "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."  Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)(quoting Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

Because Plaintiff prevailed in its Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's Interrogatories to Defendant David M. Bernstein, the Court is required to impose reasonable expenses.  Fed. R. Civ. P. 37(a)(5)(A). Plaintiff's motion was not filed before attempting to confer in good faith; Defendant's failure to comply was not substantially justified; and no other circumstances exist to make an award of expenses unjust.  Id.  Additionally, Defendant Bernstein failed to appear for his own deposition scheduled for August 7, 2009, with no notice of his intention not to appear.

Plaintiff has also met the standard for imposing sanctions in this case.  Plaintiff, after having served its Requests for Admission, Requests for Production of Documents and Interrogatories upon Defendant on March 24, 2009, filed its motion to compel on May 15, 2009. Defendant's responses were due April 26, 2009.  Plaintiff filed its Amended Motion to Compel Mediation and Deposition and Motion to Compel Responses to Plaintiff's Request for Production of Documents and Answers to Plaintiff's Interrogatories to Defendant David M. Bernstein on May 20, 2009.  Thereafter, by Order dated June 23, 2009, this Court gave

Defendant another opportunity to respond to Plaintiff's requests in accordance with the appropriate rules of civil procedure.  Defendant Bernstein was given until July 20, 2009 to respond to Plaintiff's discovery requests.  Plaintiff was directed to file an affidavit of reasonable expenses, including attorneys' fees, relating to the motion by July 20, 2009.  Counsel for Defendant was given until August 4, 2009 to file any response to the affidavit of Plaintiff's counsel.  Defendant and counsel for Defendant were given an opportunity to be heard concerning the awarding of reasonable expenses and sanctions on August 7, 2009.

The Order dated June 23, 2009, also instructed Defendant Bernstein to appear for his deposition on August 7, 2009, and scheduled mediation for August 7, 2009.

Neither Defendant nor Defendant's counsel appeared for the opportunity to be heard scheduled for August 7.  Similarly, neither Defendant nor Defendant's counsel appeared for either the scheduled deposition or mediation.

Plaintiff has met its burden under the four part test for sanctions by demonstrating that 1) these Defendants acted in bad faith, 2) this non-compliance caused Plaintiff prejudice, 3) there is a need for deterrence of this type of non-compliance, and 4) less drastic sanctions may not be effective.  Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)(quoting Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

Plaintiff has demonstrated bad faith on the part of Defendant by showing that the Defendant has failed to comply with the Court's Order of June 23, 2009 compelling them to respond to discovery, in violation of Fed. R. Civ. P. 37(b)(2).[7]  The Order directed Defendant

---

[7] Doc. No. 67

Bernstein to respond to Plaintiff's discovery requests on or before July 20, 2009.  Additionally, the Order provided Defendant Bernstein an opportunity to be heard on August 7, 2009. Defendant failed to file responses to Plaintiff's discovery requests on or before July 20, 2009, nor did Defendant appear on August 7, 2009, for his opportunity to be heard.  Defendant has acted in bad faith and in direct defiance of this Court's order.  Plaintiff has met the first factor of the test.

Plaintiff is also able to meet the second factor of the test, because it has demonstrated that the failure to comply with discovery has caused it prejudice.  Had Defendants been forthcoming at the outset, and responded to Plaintiff's simple discovery requests, or had they complied with this Court's Order,  Plaintiff would have been spared the burden and expense of having to file the motions to compel.  Further, and more importantly, Plaintiff has been unable to complete discovery because of Defendant's actions.

Plaintiff has also demonstrated the third factor, the need for deterrence of this type of noncompliance.  These defendants have shown an unwillingness to participate in the case and comply with basic discovery requests.  This type of behavior places an undue burden on the opposing party as well as the Court.  Defendant failed to comply with the Order of this Court as well as the Federal Rules of Civil Procedure.  Rules and deadlines are made to be followed.  This Court cannot allow this, or any Defendant, to disobey court orders and discovery rules.  If litigants are able to continually fail to produce evidence, even negligently, with impunity, what is the purpose of the rule of law and courthouses in general?  It is important that others contemplating this type tactic understand that it is an unacceptable practice to fail to produce documents through discovery, and especially in response to a court order.  By issuing sanctions

in this case, it will serve as a deterrent to other parties contemplating the same type of behavior that has occurred throughout the discovery phase of this case.

As for the fourth factor, the Court believes that a monetary fine is the most appropriate sanction. Given Defendant's behavior to date, the Court is certain that a less drastic sanction would not have the same desired effect as the course outlined here. However, a monetary sanction is far less drastic than striking portions of an answer or entering judgment against Defendant.

C.    Decision

A monetary sanction against Defendant is necessary here because his conduct of ignoring the duty under the federal rules and applicable caselaw, stonewalling the submission of legitimately requested discovery and disobeying and ignoring this Court's Order, has abused the judicial process. Plaintiff seeks $3,405.00 in attorneys' fees and expenses billed at rates ranging from $200 per hour $450 per hour.

There was no proof of the prevailing rate of attorney's fees in the jurisdiction for discovery disputes. In the absence of any evidence of the prevailing rates for discovery disputes in this jurisdiction, the Court finds the above-mentioned hourly rates to be appropriate for this kind of work in 2008-09.

Plaintiff's Motion for Sanctions is **GRANTED**. Because of Defendant's failure to comply with this Court's June 23, 2009 Order, Defendant shall pay Plaintiff the sum of **$3,405.00** for reasonable expenses incurred in relation to the motions to compel discovery responses. Additionally, as a means of deterring Defendant, its counsel and future litigants of engaging in the type of behavior displayed by Defendant in this case, Defendant shall pay

Plaintiff the sum of **$3,405.00** as sanctions.  This sum is related to Plaintiff's loss of reasonable expenses and partially compensates Plaintiff for the delay in discovery completion.  Defendant shall pay Plaintiff the sum of **$6,810.00** within thirty (30) days of the date of this Order.

This Court also advises the District Court that Defendant Bernstein did not appear for the mediation scheduled for August 7, 2009.  The District Court is instructed to take whatever action it deems appropriate.

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: August 28, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE