IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PROGRESSIVE MINERALS, LLC,

    Plaintiff,

v.                                    Civil Action No. 5:07CV108
                                                      (STAMP)

MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX,
DAVID M. BERNSTEIN,
JOHN DOUGLAS REYNOLDS,
JOHN C. CROSBIE and
JUDE O'NURKERA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PROGRESSIVE MINERALS' MOTION FOR DEFAULT
UNDER RULE 37 AGAINST DEFENDANT DAVID M. BERNSTEIN**

I.   Procedural History

Plaintiff, Progressive Minerals, LLC ("Progressive"), a West Virginia limited liability company with its principal place of business located in West Virginia, filed this action before this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332, asserting claims of fraud, negligent misrepresentation, conspiracy to defraud, and negligence against several alleged managing members of Global Empire Investments and Holdings LLC. Progressive filed a motion for default under Rule 37 of the Federal Rules of Civil Procedure against pro se[1] defendant David M. Bernstein ("defendant Bernstein") for his failure to participate in the case. Defendant

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Bernstein did not file a response. For the reasons set forth below, Progressive's motion for default is granted.[2]

## II. Discussion

In its motion for default under Rule 37 of the Federal Rules of Civil Procedure, Progressive contends that default is appropriate because defendant Bernstein has flagrantly violated this Court's orders, as well as the discovery rules in general. Throughout the course of these proceedings, Progressive filed a motion to compel and an amended motion to compel seeking to compel defendant Bernstein to answer interrogatories and requests for production of documents, appear for a deposition, and attend a court-ordered mediation. After holding a hearing on these motions, at which defendant Bernstein did not appear, United States Magistrate Judge James E. Seibert granted Progressive's motions to compel in their entireties. Specifically, Magistrate Judge Seibert ordered defendant Bernstein to answer the interrogatories and requests for production of documents before July 20, 2009; appear for a deposition on August 7, 2009; and appear for mediation on that same date. Moreover, the magistrate judge provided Progressive the opportunity to present an affidavit of reasonable costs and fees in pursuing these motions.

---

[2]This memorandum opinion and order sets forth in more detail the tentative ruling made by this Court during the pretrial conference on September 28, 2009, which conference defendant Bernstein also failed to attend despite being ordered to do so in this Court's scheduling order.

Despite the magistrate judge's order, however, defendant Bernstein failed to answer Progressive's discovery requests, appear for his deposition, or attend the mediation. Counsel for Progressive served an affidavit and appeared before the magistrate judge on August 7, 2009, to present evidence regarding reasonable fees and costs, but defendant Bernstein did not appear. To this extent, Progressive argues that defendant Bernstein, in addition to failing to comply with general discovery rules, has ignored several of this Court's orders, including the following: (1) the April 1, 2009 order in which this Court ordered the parties to appear for mediation and submit mediation statements; (2) the May 21, 2009 order setting the evidentiary hearing and argument on Progressive's motions to compel; and (3) the June 23, 2009 order requiring defendant Bernstein to answer the discovery requests, appear for his deposition, and attend mediation. Progressive requests, therefore, that default be entered against defendant Bernstein. Alternatively, should this Court deny its request for default, Progressive urges that defendant Bernstein be precluded from presenting any documents or witnesses not already identified in support of his defenses or claims.

This Court has reviewed the record and holds that default against defendant Bernstein is warranted in this civil action. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(vi), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just

order," including "rendering a default judgment against the disobedient party." A district court has broad discretion in applying sanctions under Rule 37. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 644 (1976). Nevertheless, it is not "a discretion without bounds or limits but one to be exercised discreetly." Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (4th Cir. 1977). Granting a default is confined to the "'flagrant case' in which it is demonstrated that the failure to produce 'materially affect(s) the substantial rights of the adverse party' and is 'prejudicial to the presentation of his case.'" Id. at 504. Thus, default judgment is only appropriate in "that rare case where the conduct represents such 'flagrant bad faith' and 'callous disregard' of the party's obligation under the Rules as to warrant the sanction." Id.

Four factors must be considered before imposing default judgment as a sanction: "(1) whether the noncomplying party acted in bad faith, (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richard & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson, 561 F.2d at 503-506). This Court discusses each of these elements in turn.

A.  <u>Whether Defendant Bernstein Acted in Bad Faith</u>

Defendant Bernstein's egregious conduct reflects bad faith. More than three months after the magistrate judge entered his June 23, 2009 order, defendant Bernstein still has not provided the discovery documents that were ordered produced. Moreover, defendant Bernstein has flagrantly and purposefully refused to appear at his own deposition and attend mediation, as well as other court-ordered hearings, evidentiary or otherwise. Indeed, because of defendant Bernstein's behavior and largely because he was unable to see that defendant Bernstein met his obligations at the mediation, this Court permitted defendant Bernstein's local counsel to withdraw from representation in this case. Accordingly, this Court finds that defendant Bernstein's actions were in bad faith.

B.  <u>Amount of Prejudice that Noncompliance Caused the Adversary</u>

In a August 28, 2009 order imposing sanctions, Magistrate Judge Seibert found that the "[p]laintiff has been unable to complete discovery because of Defendant's actions." Furthermore, Progressive states that defendant Bernstein's conduct prevents it from receiving a fair trial. This Court finds that Progressive has been unfairly harmed by defendant Bernstein's egregious violations.

C.  <u>Need for Deterrence of the Less Particular Sort of Noncompliance</u>

To date, defendant Bernstein has refused to comply with the Court's orders and with its discovery obligations under the Federal

Rules of Civil Procedure. More generally, this defendant has shown an unwillingness to participate in this case. Parties cannot circumvent their duties to follow court orders and to follow the Federal Rules of Civil Procedure. Default against defendant Bernstein, therefore, will serve as a deterrent to other parties contemplating such outrageous behavior regarding discovery.

    D. <u>Whether Less Drastic Sanctions Would Have Been Appropriate</u>

This Court finds that the sanction imposed by this order does provide appropriate relief to Progressive for defendant Bernstein's behavior in this case. Defendant Bernstein has demonstrated an absolute unwillingness to participate in this case by refusing to take part in discovery and disregarding several court orders. A less drastic sanction, for such an egregious display of noncompliance, is not appropriate. This Court will permit, nevertheless, defendant Bernstein to appear at trial, but limit his contentions only to the discovery that he has already provided to the parties, which as discussed, is very limited.

    III. <u>Conclusion</u>

For the reasons set forth above, Progressive's motion for default under Rule 37 of the Federal Rules of Civil Procedure against defendant Bernstein is hereby GRANTED. Accordingly, the Clerk is DIRECTED to enter default against defendant Bernstein. This Court will hear evidence as to damages incurred by plaintiff as a result of defendant's acts at the non-jury trial scheduled to take place on October 14, 2009.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendants and to counsel of record herein.

DATED:   September 30, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE