IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PROGRESSIVE MINERALS, LLC,

    Plaintiff,

v.                                    Civil Action No. 5:07CV108
                                                (STAMP)

MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX,
DAVID M. BERNSTEIN,
JOHN DOUGLAS REYNOLDS,
JOHN C. CROSBIE and
JUDE O'NURKERA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PROGRESSIVE MINERALS, LLC'S
MOTION IN LIMINE TO PRECLUDE DEFENDANT
DAVID M. BERNSTEIN FROM PRESENTING EVIDENCE**

Plaintiff, Progressive Minerals, LLC ("Progressive"), a West Virginia limited liability company with its principal place of business located in West Virginia, filed this action before this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332, asserting claims of fraud, negligent misrepresentation, conspiracy to defraud, and negligence against several alleged managing members of Global Empire Investments and Holdings LLC.

During the days leading up to trial, Progressive filed a motion in limine to preclude pro se[1] defendant David M. Bernstein ("defendant Bernstein") from presenting any evidence at the trial of this action. In support of this motion, Progressive contends

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

that defendant Bernstein has refused to answer discovery requests, appear for his deposition, and attend court-ordered hearings, evidentiary or otherwise. Defendant Bernstein did not file a response.

This Court must deny Progressive's motion in limine to preclude defendant Bernstein from presenting any evidence at trial. On September 30, 2009, this Court entered a memorandum opinion and order granting Progressive's motion for default under Rule 37 of the Federal Rules of Civil Procedure as against defendant Bernstein. In that memorandum opinion and order, this Court directed the Clerk to enter default against defendant Bernstein pursuant to Federal Rule of Civil Procedure 37 because of his egregious and flagrant refusal to comply with several court orders, as well as general discovery rules. Nevertheless, this Court held that it would permit defendant Bernstein to appear at trial, but limit his evidence to only that revealed through discovery that he has already provided to the parties, which is limited. Thus, because Progressive's motion in limine requests that defendant Bernstein from presenting *any* evidence at trial, Progressive's motion is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail and to counsel of record herein.

DATED:      September 30, 2009

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE