IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PROGRESSIVE MINERALS LLC,

        Plaintiff,

v.                                      Civil Action No. 5:07CV108
                                                          (STAMP)
MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX,
DAVID M. BERSTEIN and
JUDE O'NURKERA,

        Defendants.


            **MEMORANDUM OPINION AND ORDER**
**DENYING PROGRESSIVE MINERALS LLC'S MOTION IN LIMINE TO**
**PRECLUDE DEFENDANT JUDE O'NURKERA FROM PRESENTING EVIDENCE**

    Plaintiff Progressive Minerals, LLC ("Progressive") has filed a motion to preclude defendant Jude O'Nurkera ("O'Nurkera") from presenting <u>any</u> evidence at the bench trial in this civil action which is scheduled to commence on Wednesday, October 14, 2009. Plaintiff Progressive, in its motion in limine, asserts that defendant O'Nurkera[1] has on several occasions been ordered to attend mediation in this case, has ignored the Court's orders both times, and has failed to advise the Court that the date, time or location of the mediation was inconvenient. Plaintiff also contends that no mediation statement was filed by this defendant in

---

    [1] In his response to the motion in limine entitled "Defendant Jude Onukwugha's Objection to Plaintiff, Progressive Minerals's Motion in Limine to Preclude Defendant from Presenting Evidence," this defendant spells his name Onukwugha. For purposes of this motion, this Court will spell the defendant's name as it appears in the style of the case as stated in the complaint and which is continued throughout the proceedings in this civil action.

advance of the mediation and that O'Nurkera has failed to attend scheduling conferences. Plaintiff states that, aside from filing an answer in this case, O'Nurkera has done nothing to participate in this civil action. Accordingly, plaintiff Progressive requests that defendant O'Nurkera be precluded from presenting any evidence at trial. In his objections to the motion in limine, defendant O'Nurkera claims that he attended a settlement conference via a telephone conference call on September 18, 2009 and that, at that time, he disclosed to counsel for plaintiff Progressive, through an attorney he retained for settlement purposes only, the existence of documentation from Muhammad Rashid ("Rashid") to him in which O'Nurkera claims Rashid perpetrated a fraud against him by leading him to believe that he had necessary funds to "consummate the deal with the plaintiff." Defendant O'Nurkera asserts that this documentation was forwarded to plaintiff's counsel on September 23, 2009. Defendant O'Nurkera further states that he has spoken with plaintiff's counsel as a pro se defendant on several occasions and that at that time O'Nurkera advised plaintiff's counsel of O'Nurkera's Chapter 7 bankruptcy filing. O'Nurkera further claims that he has "entered into settlement negotiations with the plaintiff in an effort to resolve this matter amicably before trial." O'Nurkera states that if he is not able to present "a necessary and proper defense," he will be adversely affected.

2

This motion is similar, but not identical, to a motion in limine filed by plaintiff to preclude another defendant David M. Bernstein ("Bernstein") from presenting evidence. In Bernstein's case, this Court has entered default pursuant to Federal Rule of Civil Procedure 37, but has denied Progressive's motion in limine to prevent Bernstein from presenting <u>any</u> evidence at the trial. In Bernstein's case, this Court has permitted Bernstein to appear at trial, but has limited his evidence to only that revealed through discovery that he has already provided to the parties.

It should be noted that, from the outset, defendant O'Nurkera has apparently failed on numerous occasions to comply with the orders of this Court. Most recently, O'Nurkera failed to make any submission to this Court in the form of a proposed pretrial conference order, failed to attend the pretrial conference in this case conducted on September 28, 2009 and did not offer any explanation for his failure to assist in the preparation of a pretrial order or to attend the pretrial conference. Nevertheless, unlike defendant Bernstein, defendant O'Nurkera has not been made subject to default pursuant to Federal Rule of Civil Procedure 37. Despite O'Nurkera's demonstrated lack of attention to this civil action, this Court believes that it should permit defendant O'Nurkera to attend the trial to submit as evidence the specific documentation which he refers to in his motion in limine assuming that that documentation has already been delivered to counsel for

the plaintiff, as defendant O'Nurkera asserts.  This is the extent of the evidence that O'Nurkera will be permitted to offer through appropriate testimony or otherwise.  Thus, because Progressive's motion in limine requests that defendant O'Nurkera be prevented from presenting <u>any</u> evidence at trial, Progressive Minerals LLC's motion is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendants by certified mail and to counsel of record herein.

DATED:   October 9, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE