IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PROGRESSIVE MINERALS, LLC,

    Plaintiff,

v.                                           Civil Action No. 5:07CV108
                                                                    (STAMP)

MUHAMMAD HAROON RASHID,
GERALD D. HENDRIX,
DAVID M. BERNSTEIN,
JOHN DOUGLAS REYNOLDS,
JUDE O'NURKERA and
JOHN C. CROSBIE,

    Defendants.

**<u>ORDER GRANTING PLAINTIFF PROGRESSIVE MINERALS'
REQUEST FOR PRE-JUDGMENT INTEREST
AND DIRECTING THAT DEFENDANT O'NURKERA
CONTINUE TO BE NAMED IN THE JUDGMENT</u>**

        On March 25, 2010, this Court entered its findings of fact and conclusions of law, in which it determined that the plaintiff, Progressive Minerals, LLC ("Progressive"), was entitled to a total judgment in the amount of $5 million plus pre-judgment and post-judgment interest from the date of judgment.  While the Court calculated post-judgment interest, it deferred entering judgment on the issue of pre-judgment interest so that Progressive could offer a written calculation as to the proper computation of pre-judgment interest as well as the amount upon which the pre-judgment interest is calculated.  Thus, this Court directed Progressive to prepare a computation of pre-judgment interest and to file a report with this Court setting forth in detail its recommendation of how pre-judgment interest in this matter should be calculated. Nevertheless, this Court determined that pre-judgment interest

shall be computed pursuant to West Virginia Code § 56-6-31 and the interest rate shall be 7.00% as determined by the Administrative Order of the Supreme Court of Appeals of West Virginia entered January 4, 2010.

On April 5, 2010, Progressive filed its request for pre-judgment interest. Progressive contends that the interest on the net amount of the compensatory damages, $1,250,000.00, should run from November 18, 2005, the date that Progressive learned that its commitment fee may not be returned and it had enough information to pursue its claim against the defendants,[1] until the date of judgment on March 25, 2010. Accordingly, applying the determined interest rate of 7.00% per year, Progressive requests it be granted pre-judgment interest in the amount of $380,445.20.

For the reasons set forth in this Court's March 25, 2010 findings of fact and conclusions of law, and as calculated in Progressive's request for pre-judgment interest, it is ORDERED that Progressive is entitled to pre-judgment interest at a legal rate of 7.00% per annum from November 18, 2005 until March 25, 2010, in the amount of $380,445.20.

Furthermore, Progressive has advised this Court that defendant Jude O'Nurkera has failed to satisfy the terms of the settlement

---

[1] West Virginia Code § 56-6-31 states that pre-judgment interest is calculated from the date on which the cause of action accrues. A "right of action does not 'accrue' for purposes of the statute of limitations until the plaintiffs knew or should have known by the exercise of reasonable diligence of the nature of their claims." Stemple v. Dobson, 400 S.E.2d 561, 564 (W. Va. 1990).

agreement.  Accordingly, it is ORDERED that defendant O'Nurkera continue to be included in the judgment of this case subject to his release from that judgment hereafter upon proper notification to this Court by Progressive.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein and to the pro se[2] defendants by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter an amended judgment on this matter, which includes the amount of pre-judgment interest and continues to include defendant O'Nurkera.

    DATED:    April 6, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[2]"Pro se" describes a person who represents himself in a court proceedings without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).